ANSON E. YORK AND ANOTHER, RESPONDENTS, v. WILLIAM
W. CONDE AND ANOTHER, APPELLANTS.

*Equitable oral assignment — when enforced as against a subsequent written assignment.*

In an action brought to determine conflicting claims to a fund, the testimony was to
the effect that certain of the claimants had indorsed the notes of a firm in order to
enable it to carry out the contract, out of which such fund arose, under a
promise that they should have the proceeds of the contract when closed to repay
them the amount paid by reason of said indorsements.

*Held,* that this agreement, although oral, amounted to an equitable assignment
*pro tanto* of the fund, and that said claimants were entitled to priority over
other creditors of the firm, holding a subsequent written assignment of said fund
from it.

APPEALS by the defendants, William W. Conde and John C.
Streeter, from a judgment, entered in the Jefferson county clerk's
office on the 9th day of December, 1890, in favor of plaintiffs, after
a trial before the court and a jury at the Jefferson County Circuit, at
which a verdict was directed in favor of the plaintiffs for $2,584.57.

In September, 1889, the firm of Witherby & Gaffney, who were
contractors and builders, entered into a contract with the govern-
ment of the United States to construct certain buildings known as-
Officers' Quarters at Madison Barracks, Sacketts Harbor, N. Y.

Subsequently, the plaintiffs, at the request of Witherby & Gaffney,
sold and delivered to them on credit large quantities of lumber and
building material which was used in the construction of such build-
ings, and was of the value of more than $3,000. Witherby &
Gaffney, being thus indebted to the plaintiffs, before the completion
of their contract and on March 27, 1890, executed to them an
assignment of $3,000 of the money which should thereafter become
due and owing them from the government, to be applied in part
payment of their indebtedness. The moneys due Witherby &
Gaffney were afterwards paid to the defendants, with notice of the
plaintiffs' assignment.

The defense interposed was, that prior to the assignment to the
plaintiffs by Witherby & Gaffney the defendants had become accom-
modation indorsers for Witherby & Gaffney to the extent of upwards
of $4,000; that the defendant Conde was a surety to the govern-
ment on the contractors' bond, and that these indorsements were

essential to enable the contractors to carry on their work, and the proceeds thereof went into the buildings ; that before such indorsements were made Witherby & Gaffney promised the defendants that they would devote the moneys realized from the government on the contract to the payment of the notes thus indorsed, and would transfer and assign the evidences of the government's indebtedness to the indorsers to be devoted to that purpose; that thereafter, in pursuance of that purpose, and on April 18, 1890, Witherby & Gaffney, who at that time were getting a further indorsement of $500, assigned the same moneys in writing to the defendants; that afterwards, and on May 15, 1890, the government having delivered to Witherby & Gaffney a draft for the moneys due on the contract, less $110 penalties for non-performance as to time, they transferred the same to the defendants, who discharged the indorsed notes therewith.

On the trial the defendants also insisted that the assignment by Witherby & Gaffney to the plaintiffs, as well as the assignment to themselves, was void under section 3477 of the United States Revised Statutes.

The defendant Streeter testified that at the time of the first indorsement Mr. Gaffney said : " That under no circumstances would anything step in or interfere with the payment of these notes ; that we should have the avails at the closing up, the payment from the government; that when it was transferred or delivered to him it would be transferred to us to wipe out these notes, and that he regarded it as a sacred matter ; it would be the first liability that would be canceled. There were several talks of that character from September on as the indorsements were made, and these talks were had before March 27, 1890. Mr. Gaffney indorsed the check or draft and turned it over to Mr. Conde in my presence. Conde and I indorsed this paper jointly by arrangement between us three. He had to have help or he could not complete the job."

Mr. Conde testified : " Mr. Gaffney repeatedly told me that if it should become necessary he would assign the contract with the government at any time I desired it; that he would assign over all right and title that he had in the property. I replied that I didn't want the contract. The understanding between us was that at the

final settlement, that out of the final money which he got there was enough percentage kept back, and when that was paid these notes would be retired. He promised to turn over the check or draft after he got it to me. That was at the time the indorsements or some of them were made. It was stated that it was to be turned over for the retiring of these notes indorsed by me and Mr. Streeter. Those notes were made before March 17, 1890. There were several talks like that before March 17, 1890, and Mr. Gaffney did so turn over the draft to me when he received it on financial settlement from the government."

The trial judge held that section 3477 of the United States Revised Statutes did not apply to the assignment in question; that the plaintiffs' assignment was, therefore, not void, but gave them an equitable lien on the moneys in question; that such equitable lien could be enforced in an action at law; that what took place between the defendants and Gaffney at the time they commenced to indorse their paper did not operate to create a lien upon the fund or any right to have the fund applied to the payment of the notes indorsed by the defendants; that their rights to have the fund applied to the payment of such notes was first created at the time of the first transfer in writing to the defendants.

The defendants duly excepted to the direction of a verdict by the court, and also duly excepted to each of the propositions stated by the court in arriving at the conclusion to direct a verdict.

*Brown & Adams*, for the appellant Conde.

*Watson M. Rogers*, for the appellant Streeter.

*Henry Purcell*, for the respondents.

MARTIN, J.:

The controversy between the parties to this action was as to the priority of their respective rights to the fund in question.

The plaintiffs' claim of title was founded on an assignment to them made by Witherby & Gaffney March 27, 1890. The defendants' rights were based upon an oral agreement with Witherby & Gaffney, made long before the plaintiffs' assignment, which the defendants contend amounted to an equitable assignment to them of the fund in question.

If the defendants' contention is sustained by the proof, or if the evidence was sufficient to present a question of fact for the jury upon that question, the judgment must be reversed, and no other question need be considered.

The defendants' testimony was to the effect that, in or about the month of September, 1889, the firm of Witherby & Gaffney applied to the defendants to indorse the notes of that firm to enable it to procure the money necessary to prosecute the work under its contract with the United States government; that the defendants agreed to, and did, indorse such notes; that, in consideration of such agreement and indorsement by the defendants, said firm expressly agreed that the defendants should have the avails of such contract, when it was closed up, with which to pay the notes which should be indorsed by them; and that when the check or draft for the work should be received by said firm, it should be delivered to the defendants to be applied by them in paying such notes.

If this agreement was made as testified to, we think, as it was founded upon a valuable consideration, it amounted to an equitable assignment of the fund in question, and that the defendants were entitled to receive and use it for the payment of the notes indorsed by them. That such an agreement amounts to an equitable assignment seems to be well settled in this State. (*Williams* v. *Ingersoll*, 89 N. Y., 508; *Fairbanks* v. *Sargent*, 104 id., 108; S. C., 117 id., 320.) That the defendants subsequently took a written assignment does not affect such rights. The assignment was not invalid because it was oral. (*Risley* v. *Phenix Bank of City of New York*, 83 N. Y., 318; *Coates* v. *First Nat. Bank of Emporia*, 91 id., 20.)

We think the court erred in holding, as a matter of law, that the defendants acquired no right to the fund in question, under their agreement, and directing a verdict for the plaintiffs, and that the defendants' exception thereto was well taken.

The judgment should be reversed on the exceptions and a new trial ordered, with costs to abide the event.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment reversed on the exceptions and a new trial ordered, with costs to abide the event.